IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF THE OHIO :
LABORERS' FRINGE :
BENEFITS PROGRAMS, *et al* :
: Case No. 2:18-cv-1463
    Plaintiffs, :
: JUDGE ALGENON L. MARBLEY
    v. :
:
FREISTHLER PAVING, INC., : Magistrate Judge Deavers
:
    Defendant. :

## **OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment. (ECF No. 10). Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefits Programs ("Boards of Trustees") have successfully applied to the Clerk for Entry of Default as to Defendant Fresithler Paving, Inc. ("Freisthler"), and the Clerk has so entered. (ECF Nos. 8–9). Plaintiffs now request this Court to enter an order of default judgment and award damages.

Plaintiffs are trustees for four trust funds—three employer benefit plans governed by ERISA and one additional "labor management cooperation trust." (ECF No. 10 at 2). Freisthler Paving Inc. has a contract "with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO." (ECF No. 10 at 2). Under the agreement, Freisthler was obligated to contribute to the Plaintiff funds.

Plaintiffs sued Freisthler Paving, Inc. on November 14, 2018 for Breach of Contract and filed an Amended Complaint on November 19, 2018. (ECF Nos. 1, 3). Plaintiffs alleged that Freisthler made late payments from December 2017 to September 30, 2018. (ECF No. 3 at 2). A summons was issued on November 16, 2018 and sent via Certified Mail to Defendant on

November 21, 2018. (ECF Nos. 2, 4). The summons was served on Defendant on November 29, 2018 (ECF No. 6), and thus Defendant's reply to Plaintiffs' complaint was due on December 20, 2018, twenty-one days after service. Fed. R. Civ. P. 12. Defendant never replied. (ECF No. 8). On December 27, 2018, Plaintiffs applied for an entry of default and the clerk entered default on January 3, 2019. (ECF Nos. 8-9). Plaintiffs then moved for default judgment and damages on that same day. (ECF No. 10).

Federal Rule of Civil Procedure 55(a) provides that when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) governs awarding damages in the form of a default judgment. To obtain a default judgment under Rule 55(b), there must first be an entry of default from the Clerk under Rule 55(a). *See Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment."). Because the Clerk has properly entered default against Fresithler, this Court next considers the appropriate damages.

A court's determination of damages in a default judgment depends on whether the damages are calculable or liquidated. If the damages are calculable or liquidated, then the court will award the calculable damages to the plaintiff without an evidentiary hearing because the facts establishing the damage are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497-98 (7th Cir. 1989) (stating that an evidentiary hearing is not required if the damages are liquidated or can be definitively calculated from evidence and that in such cases the same facts establish the need for liability as well as damages); *Barnes v. Abraham, Inc.*, No. 2:17-CV-279, 2017 WL 5714091 at *2 (S.D. Ohio Nov. 28, 2017) (quoting

*United States v. Parker-Billingsley*, No. 3:14-CV-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)) ("A court may determine damages without holding an evidentiary hearing if the damages are 'capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'"). However, if the damages are unliquidated, the default judgment establishes only that the defendant is liable, and the plaintiff must prove damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)) (citing *Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983)). Typically, such cases will necessitate the court holding an evidentiary hearing where the court can evaluate the plaintiff's claims for damages, and the defendant can respond to such claims before the court makes its determination. *See Id*. at 110-11 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992).

Plaintiffs have provided evidence establishing the calculability of their damages, and thus this Court can determine the appropriate amount of damages without an evidentiary hearing. *See Ironworkers Dist. Council of Southern Ohio v. Reinforcing Servs. Co., LLC*, No. 3–:09–CV–067, 2009 WL 4154905, at *3 (S.D. Ohio Nov. 20, 2009) (finding that "the amount of unpaid employer contributions, interest and liquidated damages are sums certain that can be calculated from the terms of the Trust Agreements.").

Here, Boards of Trustees are entitled to $15,630.90 in damages. The agreement between Boards of Trustees and Freisthler requires Freisthler to contribute to fringe benefits programs for its unionized laborers by the fifteenth day of the month for the previous month's work. (Pls.' Mot. Default J. Exs. A, B, ECF No. 10). The agreement penalized late payments with a ten percent liquidated damage charge for each late contribution and a one percent per month interest upon those late contributions until they are paid. (Mot. Gaston Aff. ¶ 5, ECF No. 10). Between

December 2017 and September 2018, Freisthler made all of the necessary contributions to the Fringe Benefits Program, a total of $152,569.58. (Mot. Ex. C, ECF No. 10). However, all of these payments were late, and thus Freisthler incurred liquidated damages of $15,256.98 and $373.92 of interest as penalties per the agreement for their lateness. (*Id.*). Thus, Freisthler owes a combined total of $15,630.90 in liquidated damages and interest. (Mot. Gaston Aff. ¶ 3, ECF No. 10).

Boards of Trustees are also entitled to $2,380 in attorney fees and costs. The agreement between Boards of Trustees and Freisthler requires Freisthler to pay such fees and costs if a dispute over the fringe benefits program goes to court. (ECF No. 10 Ex. B). Additionally, a successful plaintiff under 29 U.S.C. § 1132(g)(2) is entitled to "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). When determining reasonable attorney fees, the court employs the "lodestar" method. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar calculation begins with "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Although the resulting fee award may be adjusted based on various factors, "the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 552 (6th Cir. 2008).

To determine a reasonable hourly rate, this Court begins with the "prevailing market rate in the relevant community." *Adcock-Ladd v. Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). Courts may determine prevailing market rate by reference to several sources "including affidavit, fee award studies, citations to prior precedent regarding reasonable rate adjudications, and the court's own expertise in recognizing

reasonable applicable prevailing rates." *Ohio & Vicinity Carpenters' Fringe Ben. Funds, Inc. v. BCS Contractors, Inc.*, No. 5:12-cv-1565, 2015 WL 710955, at *2 (N.D. Ohio Feb. 18, 2015). *See also Bds. of Trustees of Ohio Laborers' Fringe Benefits Programs v. LA Williams Construction, LLC*, No. 2:16-CV-00304, 2017 WL 285277, at *3 (S.D. Ohio July 5, 2017).

Plaintiffs' counsel has submitted a time sheet detailing the number of hours worked on the case. Plaintiffs' counsel spent eight and a half hours drafting three motions: the summons, complaint, etc.; the amended complaint; and the motion for default judgment. Plaintiffs' counsel billed this time at an hourly rate of $280. (ECF No. 10 Ex. C). Plaintiffs' counsel submitted an affidavit attesting that his billing rate and number of hours are reasonable. (ECF No. 10 Ex. A).

Plaintiffs' counsel's hours and hourly rate are reasonable. Counsel's hours reflect a reasonable amount of time billed for motions in this case. Counsel's work was not "redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Although Plaintiffs' counsel did not submit any evidence on the reasonable hourly fee, Plaintiffs' counsel's hourly rate is reasonable based on the hourly rates that this Court has approved in other cases. *See Bds. of Trustees of Ohio Laborers' Fringe Benefits Programs v. LA Williams Construction, LLC*, 2017 WL 285277, at *4 (approving $255 for 12.25 hours and $280 for 5.75 hours depending on the type of work).

For the foregoing reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Default Judgment. This Court **AWARDS** against Defendant, Freisthler Paving, Inc., $15,630.90 in liquidated damages and interest and $2,380 in attorney fees, as well as interest from the time of judgment at the rate of one percent per month. Plaintiffs have also requested costs but have provided no supporting documentation for the costs incurred in this case. The request for costs is therefore **DENIED WITHOUT PREJUDICE.** Plaintiffs may

refile, within the next thirty days, their request for costs with supporting documentation of the costs incurred in this case.

**IT IS SO ORDERED.**

                                                               s/Algenon L. Marbley
                                                              **ALGENON L. MARBLEY**
                                                              **UNITED STATES DISTRICT JUDGE**

**Dated: August 30, 2019**